# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0293, <u>State of New Hampshire v. Jared Fellows</u>, the court on March 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Jared Fellows, was convicted, following a jury trial in Superior Court (<u>Messer</u>, J.), on one charge of burglary. <u>See</u> RSA 635:1 (2016). On appeal, he requests that we vacate his sentence on the basis that the trial court, in sentencing him, engaged in plain error by impermissibly inferring from his decisions to go to trial and remain silent that he lacked remorse. We affirm.

"A plain error that affects substantial rights may be considered even though it was not brought to the attention of the trial court . . . ." <u>Sup. Ct. R.</u> 16-A. "The rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." <u>State v. Lamy</u>, 158 N.H. 511, 524 (2009) (quotation omitted). To fall within the rule, (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. <u>Id</u>.

To establish that an error affected substantial rights, "the defendant must demonstrate that the error was prejudicial, <u>i.e.</u>, that it affected the outcome of the proceeding." <u>State v. Mueller</u>, 166 N.H. 65, 70 (2014) (quotation omitted). This analysis "is similar to the harmless error analysis we use to evaluate preserved claims of error, with one important distinction: whereas the State bears the burden under harmless error analysis, the defendant bears the burden under the plain error test." <u>Id</u>. An error seriously affects the fairness, integrity, or public reputation of judicial proceedings for purposes of the plain error test when a miscarriage of justice would otherwise result. <u>Id</u>. at 72.

A criminal defendant's lack of remorse may be pertinent to determining whether rehabilitation efforts will be successful and, thus, is a factor that the trial court may consider in sentencing the defendant. <u>See</u> <u>State v. Burgess</u>, 156 N.H. 746, 754 (2008). Nevertheless, the trial court may not, consistent with the defendant's constitutional privilege against self-incrimination, infer a lack of remorse from the defendant's decision to remain silent at sentencing if the defendant has maintained his or her innocence throughout the criminal process. <u>See id</u>. at 757-58, 760; <u>see</u> <u>also</u> <u>State v. Willey</u>, 163 N.H. 532, 544-45

(2012); Lamy, 158 N.H. at 524. When a defendant has not maintained his or her innocence throughout the proceedings, but has instead "made some admission of guilt," the privilege against self-incrimination does not preclude the trial court from inferring a lack of remorse from the defendant's silence at sentencing. Lamy, 158 N.H. at 524; see Burgess, 156 N.H. at 760-61 (observing that silence at sentencing might give rise to a legitimate lack of remorse inference if the defendant admits to committing the underlying criminal acts but disputes the requisite mental state or offers legal justification for those acts). Whether an inference of lack of remorse violates a defendant's privilege against self-incrimination depends upon the factual circumstances of each case. Willey, 163 N.H. at 544; Burgess, 156 N.H. at 760.

In this case, the State sought the maximum permissible sentence of three-and-one-half-to-seven years, citing, among other factors, that this particular burglary was one of at least three burglaries the defendant committed within a short period of time, that he committed one of the other burglaries while he was released on bail in this case, that each of the burglaries targeted victims over the age of 60, that the defendant has a lengthy criminal history, and that he is a "professional burglar." In response, the defendant requested a stand-committed sentence of one-to-two years, "recogniz[ing] that this event shouldn't have happened, [but] did happen." The defendant characterized all three burglaries as "global events," for two of which, he asserted, he had already received "a significant amount of punishment," representing that he had served a one-to-two year term on one of the burglaries, and that he was "now . . . going into the second half of" a three-to-six year prison term on the second burglary. The defendant argued that, in light of the sentences he had received and would receive in this case, he had "been punished severely," and that he would "stay at the State prison pursuant to" his proposed sentence.

The trial court sentenced the defendant to a stand-committed term of two-to-six years consecutive to the sentence he was then serving. In imposing the sentence, the trial court remarked:

Mr. Fellows, this is a little bit of a challenging sentence in the sense that I do think, you know, people — of all the places that you should feel safe in the world, near the top should be at your home, and you violated that such that [the victim] and her neighbors are impacted by your conduct. There hasn't been really anything you've done throughout the course of this case that . . . gives me any sense that you have a sense of remorse here, and that is troubling to me.

By the same token, I recognize that you have now been incarcerated for a fairly significant amount of time. And . . . you had an issue during the period of your incarceration that's

2

troubling.  But I am pleased to hear that you're taking advantage of some of the programing there. And hopefully the purpose of that is to be a productive member of our community upon your release.

So I'm putting all of those factors together.  I'm going to give you some additional time on top of the time that you're serving. I'm going to give you a chance to earn some reductions in that based upon your participation in programing while you're incarcerated.  So it sounds like you still have a significant amount of programing that you can participate in.  I'm glad to hear that you got your high set.  That's an accomplishment that you should feel proud of.

But you know you're going to be on parole as [your attorney] said.  You will be doing your time on the installment plan over the course of your life if you don't make the conscious decision to change.  And it's my hope that you are thinking that you are going to make that conscious decision for change, otherwise, you're going to be yanked back in on parole.  That's just — you know, and you managed to do okay on parole initially, it sounds like from what I heard.

So the sentence I'm going to impose is this.  You're sentenced to the New Hampshire State Prison for not more than six years nor less than two years.  There's added to your minimum sentence, a disciplinary period of 150 days for each year of your minimum term to be pro-rated for any part of the year.  That sentence is stand committed.  It is consecutive to the sentence that you're presently serving.

Additionally, you will be required to meaningfully participate in and complete any counseling, treatment, or education programs as directed by the Correctional Authority Probation Parole. . . . [T]he Department of Corrections shall have the authority to award you earned time reductions against your minimum and maximum sentences for successful completion of programing while you're incarcerated.

The defendant argues that, because the trial court remarked that he had not done anything "throughout the course of this case" to give "any sense that [he] ha[d] a sense of remorse," and because he had asserted an alibi defense at trial and did not testify, either at trial or at sentencing, the trial court necessarily "found that he had not affirmatively demonstrated remorse," and "based its determination on [his] decision to plead not guilty and to remain silent at trial and at sentencing."

3

Even if we assume, without deciding, that the trial court erroneously inferred a lack of remorse from the defendant's silence, we agree with the State that he has not established that the error affected his substantial rights, or that it seriously affected the fairness, integrity, or public reputation of judicial proceedings. See Lamy, 158 N.H. at 525. As the State emphasizes, the trial court considered multiple factors when it imposed the sentence it imposed, including the psychological harm to the victim and her neighbors caused by the defendant's crime, the fact that he committed multiple additional burglaries around the time that he committed the burglary in this case, and that he committed one of the other burglaries while he was released on bail in this case. Moreover, the trial court granted the defendant the opportunity to obtain earned time credits to reduce the time that he is incarcerated. See RSA 651-A:22-a (Supp. 2023). In light of the factors justifying the sentence that the defendant received, we conclude that he has not demonstrated either that the alleged error in considering his lack of remorse affected his substantial rights, or that it seriously affected the fairness, integrity, or public reputation of judicial proceedings. See Lamy, 158 N.H. at 525.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4